# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-20089
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ANTONIO PAIZ, also known as Antonio Panigua,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-542-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

David Antonio Paiz appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. The district court sentenced Paiz to 96 months of imprisonment and three years of supervised release, a sentence at the high end of the guidelines range.

Paiz argues that his sentence was unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Paiz maintains that the district court did not sufficiently consider that he had lived

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the United States most of his life, that his mother and other direct family members resided in the United States, that he was being sentenced for the present nonviolent offense rather than his prior violent offenses, that he had pleaded guilty to all of his prior offenses except for the carjacking offense, that he had limited ties to his country of origin, and that he spoke little English. Paiz also contends that the district court erroneously referred to his carjacking conviction as his first conviction.

The district court considered and rejected Paiz's arguments for a below guidelines range sentence. With explicit reference to the § 3553(a) factors in general and the factors of deterrence, encouraging respect for the law, and punishment specifically, the district court determined that a sentence at the high end of the guidelines range was appropriate. Paiz's contentions that the district court erroneously referred to his prior conviction for carjacking as his first conviction and that he speaks little English are not supported by the record. As Paiz was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Paiz has not shown sufficient reason for us to disturb that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.